Whitaker, Judge,
delivered the opinion of the court:
This case is before the court on defendant’s motion for summary judgment.
Plaintiff, a former Philippine Scout, sues for per diem allowance for quarters and subsistence during the period April 9,1942, to February 22,1945, during which time he was officially carried as a prisoner of war or missing in action.
Plaintiff enlisted in the Philippine Scouts on February 6, 1941. Upon the fall of Bataan on April 9,1942, he was taken prisoner by the Japanese and was taken, on the “Bataan death march”, to the concentration camp at Balanga. Subsequently he escaped and joined a group known as “Colonel Straughn’s Intelligence Forces.” In order to gather information about the enemy’s activities, plaintiff secured a position as office messenger for a Japanese colonel at Nichols Field. Colonel Straughn, or someone acting for him, then ordered plaintiff to Antique on the Island of Panay. Shortly thereafter, Colonel Straughn was captured and plaintiff joined the 65th Infantry Eegiment Guerilla Forces *791 in Antique, with which, he continued to serve until February 22, 1945, when he was returned to the control of the United States Army.
Plaintiff received enlisted man’s pay for the period in question. However, he claims that by virtue of the provisions of the Missing Persons Act of 1942, 56 Stat. 144, as amended by the Act of August 29,1957,71 Stat. 491, he was entitled, for the period in question, to that per diem allowance for quarters and subsistence specified in section 10 of the Pay Readjustment Act of 1942, the Act of February 2,1901, and Executive Order No. 9206, under which order the President fixed allowances for quarters and subsistence pursuant to section 10 of the Pay Readjustment Act, supra.
Plaintiff first submitted his claim to the United States Army Finance Center on November 3, 1952, but on January 30,1953, his claim was disallowed. On July 28,1954, plaintiff again filed his claim with the Finance Center, but his claim was again denied on September 16,1954. On October 29, 1958, plaintiff again submitted his claim, this time addressed to the Department of the Army, Office of the Adjutant General, United States Army Records Center, St. Louis 14, Missouri. On November 7,1958, the Commanding Officer, United States Army Records Center, wrote plaintiff that “no further pay and allowances [were] due under the Missing Persons Act or amendments thereto.” Plaintiff filed his petition in this court on February 17, 1960.
Clearly, plaintiff cannot recover under the Missing Persons Act. Section 9 (58 Stat. 679, 680-681) provides that the determinations of the head of the department concerned, or his designated subordinate, as to entitlement under the Act are conclusive. This section is set out in pertinent part in a note below.[1] We have held that section 9 prevents this *792 court from reviewing a determination under this Act unless it is shown that such determination was arbitrary or capricious. Moreno v. United States, 118 Ct. Cl. 80, cert. denied 342 U.S. 814; Ferrer v. United States, 132 Ct. Cl. 422; Logronio v. United States, 132 Ct. Cl. 596; Alpuerto v. United States, ante, p. 270.
Plaintiff argues that there was no determination by the Department of the Army; but this is in the face of the unequivocal statement in the letter of November 7, 1958, from the Army Eecords Center that under the Missing Persons Act and amendments thereto plaintiff is not entitled to the allowances claimed. This was the Army’s determination, and the Act says that determination is conclusive. Plaintiff has neither alleged nor shown any arbitrary or capricious action, without which, under the authority of the cases cited, supra, this court has no jurisdiction.
Plaintiff’s claim, if based upon any provision of law other than the Missing Persons Act, has long been barred by the statute of limitations, his cause of action having accrued at the very latest when his claim was first denied on January 30, 1953, which date is more than six years prior to the filing of his petition in this court.
Apparently, plaintiff relies upon subsection 2(b) of the 1957 amendment to the Missing Persons Act (71 Stat. 492), granting a three-year extension period in which Philippine Scouts could present their claims for consideration or reconsideration. This is of no help to plaintiff, because the three-year extension period relates only to claims under subsection 2(b). But plaintiff could not recover under that subsection unless his claim had originally been denied “solely” on the ground that he had been paroled by the Japanese and allowed to return to his home to engage in civilian pursuits. Plaintiff presented his claim for reconsideration within the three-year period to the Department of the Army, but the Army determined that plaintiff was not entitled to the allowances claimed under the “Missing Persons Act or amendments thereto.” In its determination it referred to Public Law 85-217, which is the 1957 amendment to the Act. Consequently, this determination included a determination that subsection 2(b), supra, did not give *793 plaintiff the right to recover, and that determination is conclusive under section 9, sufra.
Defendant’s motion for summary judgment is granted, and plaintiff’s petition will be dismissed.
It is so ordered.
Duefee, Judge; Labamoee, Judge; Madden, Judge; and Jones, Chief Judge, concur.

 Sue. 9. The head of the department concerned, or such subordinate as he may designate, shall have authority to mate all determinations necessary in the administration of this Act, and for the purposes of this Act determinations so made shall be conclusive as to death or finding of death, as to any other status dealt 'with by this Act, and as to any essential date including that upon which evidence or information is received in such department or by the head thereof. * * * Determinations are authorized to be made by the head of the department concerned, or by such subordinate as he may designate, of entitlement of any person, under the provisions of this Act, to pay and allowances, including credits and charges in his account, and all such determinations shall be conclusive: * * *.